Filed 1/23/14  In re J.B. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re J.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>J.B.,<br><br>        Defendant and Appellant. | A137871<br><br>(San Francisco City & County Super. Ct. No. JW 12-6436) |

Appellant J.B. (minor) was found to have committed felony false imprisonment on evidence he and three other young men surrounded and tripped a man.  The victim, who did not speak English, did not understand what the young men said in the course of the incident, and he was unable to identify any particular action by the minor, other than his participation in the initial surrounding.  The minor contends there was not sufficient evidence to support a finding he committed felony false imprisonment because it was not shown that he personally used "violence," as that term is defined in the law of false imprisonment.  We agree and order an appropriate modification of the dispositional order.

## I.  BACKGROUND

In a petition filed pursuant to Welfare and Institutions Code section 602, subdivision (a) on December 5, 2012, the minor was alleged to have committed attempted second degree robbery (Pen. Code, § 212.5, subd. (c)), assault by means of

force likely to cause great bodily injury (Pen. Code, § 245, subd. (a)(4)), and false imprisonment by means of force and violence (Pen. Code, § 236). Following a contested jurisdictional hearing, the juvenile court found not true the allegations of attempted robbery and assault, but it found true the allegation of false imprisonment by means of force and violence. The minor was held to be a ward of the court and released to the custody of his mother.

The victim, who did not speak English, testified through an interpreter. He said he was walking up the Broadway sidewalk stairs in San Francisco around 2:30 p.m. when he saw four young men running downhill toward him. All four appeared to be under 20 years old. Three were African-Americans, while one appeared to be of a different race. When the four met up with him, one or two of them addressed him loudly in English, which he could not understand. Although afraid the four intended to rob him, the victim attempted to ignore them and continue up the stairs. At that point, the young men surrounded him, two standing on each side, and pressed against him, attempting to block his progress. As the victim tried to move forward, one of the four young men stuck out a leg and tripped him. While the victim was on the ground, they "kind of like pressed against me and tried to get something from me," while pulling on his arms as well. Before they were able to take anything, he stood up and ran away. As two of the four chased him, he fell down again. He then spotted the driver of a delivery truck and began yelling for help. When the two pursuers realized the victim had attracted attention, they turned back, and all four ran away. The victim was very frightened during the course of the incident and took only a "quick look" at the four. Because they "looked pretty much alike" to him, he could not say which of them performed any particular act.

The minor and two others were later arrested on a city bus. Police officers testified about two separate incidents the same afternoon that appear to have involved the same four individuals. In both, the four ran toward persons in a threatening manner before turning away. In addition, the four stole a cell phone from a female victim that

2

day, but the testifying officer provided no details of the crime, other than that the cell phone was found in the possession of one of the young men.[1]

## II. DISCUSSION

The minor contends the evidence was insufficient to support a finding he committed either misdemeanor or felony false imprisonment.

"Our review of the minors' substantial evidence claim is governed by the same standard applicable to adult criminal cases. [Citation.] 'In reviewing the sufficiency of the evidence, we must determine "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." [Citation.]' [Citation.] ' "[O]ur role on appeal is a limited one." [Citation.] Under the substantial evidence rule, we must presume in support of the judgment the existence of every fact that the trier of fact could reasonably have deduced from the evidence. [Citation.] Thus, if the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also reasonably be reconciled with a contrary finding does not warrant reversal of the judgment.' " (*In re V.V.* (2011) 51 Cal.4th 1020, 1026.)

" 'False imprisonment is the unlawful violation of the personal liberty of another.' [Citation.] False imprisonment is a felony if 'effected by violence, menace, fraud, or deceit . . . .' [Citations.] ' "Force is an element of both felony and misdemeanor false imprisonment. Misdemeanor false imprisonment becomes a felony only where the force used is greater than that reasonably necessary to effect the restraint. In such circumstances the force is defined as 'violence' with the false imprisonment effected by such violence a felony." [Citation.]' [Citation.] False imprisonment does not require 'confinement in some type of enclosed space.' " (*People v. Dominguez* (2010) 180 Cal.App.4th 1351, 1356–1357.)

---

[1] The testifying officer characterized the theft as a "robbery," but he did not supply any information to support that characterization.

There was sufficient evidence to support a finding the minor committed misdemeanor false imprisonment, which requires the use of force to restrain another. " '[T]he essential element of false imprisonment is restraint of the person. Any exercise of express or implied force which compels another person to remain where he does not wish to remain, or to go where he does not wish to go, is false imprisonment.' " (*People v. Dominguez, supra,* 180 Cal.App.4th at p. 1360.) As the victim testified, all four young men surrounded him on the stairs, impeding his progress. The minor argues the evidence did not establish that the young men's conduct "prevented [the victim] from proceeding." To the contrary, he testified they "kind of, like, block me or stop me from continue [*sic*] to walk." In any event, it was not necessary that the young men have arrested all motion. There was sufficient evidence for the juvenile court to conclude they intended to and did restrain the victim.

We find no substantial evidence to support a finding the minor committed felony false imprisonment, however, because there was no evidence that he personally took any additional action. The Attorney General argues "[a]ppellant and his companions used force greater than reasonably necessary to effect [the victim's] restraint when they tripped him, held him down, and pulled his arm." We assume some or all of these activities would be sufficient to support a finding of the additional force necessary for a finding of violence, but only one of the young men tripped the victim, only two pursued him, and the victim was unable to say how many held him down or pulled his arm. In the absence of testimony that it was the minor who did some or all of these additional acts, he cannot be found directly responsible for them.[2]

The Attorney General argues the minor could be found to have committed felony false imprisonment on a theory of aiding and abetting the additional acts described above.

---

[2] In finding the minor had committed a felony, the juvenile court said only: "There was violence; [the victim] was pushed down twice. He was held." In fact, the victim was tripped only once. There was no testimony the second fall resulted from contact with the young men. More important, as discussed above, there was no evidence it was the minor who tripped the victim or held him down.

"An accomplice is someone subject to prosecution for the charged crimes by reason of aiding and abetting or being a member of a conspiracy to commit the charged crimes. [Citations.] ' "An accomplice must have ' "guilty knowledge and intent with regard to the commission of the crime." ' " ' [Citation.] . . . [A]n aider and abettor of a specific intent crime shares the perpetrator's specific intent when he or she knows of the perpetrator's criminal purpose and aids, promotes, encourages, or instigates the perpetrator with the intent of encouraging or facilitating the commission of the crime." (*People v. Houston* (2012) 54 Cal.4th 1186, 1224.)

A finding of accomplice liability is similarly lacking in evidentiary support because there is no substantial evidence the minor knew his companions intended to use violence to restrain the victim and intended to aid them in doing so. As noted above, only some of the young men participated in the acts that would support a finding of felony false imprisonment. There was no evidence in the record to suggest the nonparticipating young men were aware the others intended to take those actions. Because the victim did not understand English, we have no information about the young men's communications with each other or their attempted communications with the victim, which might otherwise have shed light on their intentions. The fact two of the young men hung back after the victim got to his feet suggests, to the contrary, there was no shared intent to do more than harass the victim. This is consistent with the testimony of the police officers who twice saw the young men run at individuals in a threatening manner, only to break off without engaging their would-be victims. While there was evidence of the theft of a cell phone, no details were provided of the manner in which the theft occurred. As a result, no inference can be drawn about the collective nature of the crime. Because there is no evidence of a shared knowledge or intent to commit felony false imprisonment against the victim, we cannot find the minor to be responsible for the crime as an accomplice.

The minor requests that we set aside the juvenile court's jurisdictional findings and reverse the dispositional order. As noted above, however, the evidence supported a finding the minor committed misdemeanor false imprisonment. Under these

5

circumstances, the appropriate relief is to modify the judgment to reflect the commission of the lesser included offense of misdemeanor false imprisonment. (*People v. Matian* (1995) 35 Cal.App.4th 480, 487.)

## III.  DISPOSITION

The juvenile court's finding that the minor committed felony false imprisonment is reversed.  The matter is remanded to the juvenile court for entry of an amended dispositional order finding the minor to have committed misdemeanor false imprisonment.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Banke, J.